

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 9, 1970

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th
Austin, Texas

Opinion No. M-684

Re: The proper method of alloca-
tion of professional units
to school districts when
part of its ADA is trans-
ferred pursuant to pupil
transfers.

Dear Dr. Edgar:

We quote from your letter requesting an opinion from this
office, in part, as follows:

"Sections 1 and 2 of Article 2696a (S.B.
435, 61st Leg., R.S. 1969, ch. 175, p. 510)
authorize the transfer of any child, other
than a high school graduate, who is over 6 and
under 21 years of age, from his resident school
district to another Texas district, when the
parent or person having lawful control of the
child and the receiving district jointly and
timely agree in writing to the transfer. They
further provide for the transfer of state per-
capita apportionment and <u>other</u> <u>state</u> <u>aid</u> funds
to follow the child. Specifically Section 2
provides

"'. . . and for purposes of computing state
allotments of districts as are eligible therefor
under the Foundation Program Act, the attendance
of the child shall transfer and be counted by
the transfer receiving district.'

-3267-

"The same legislative session which enacted Senate Bill 435 (effective May 9, 1969) adopted House Bill 240 (Ch. 872, at p. 2650, see Section 9), which amends the first paragraph in Article 2922-13 to read hereafter as follows:

"Section 1.  Beginning in the school year 1969-70, all personnel allotted under the Foundation School Program shall be allocated to school districts on the basis of <u>current</u> average daily attendance without regard to race, creed or color.

"Enacted at the 2nd Called Session was House Bill 21 (Acts 61st Leg., 2nd C.S. 1969, Ch. 44, p. 157) effective September 19, 1969 and codified Article 2922-11b in Vernon's Civil Statutes.  H.B. 21 reads as follows:

"Section 1.  In addition to the method of allocating Professional Units under the Minimum Foundation Program, on the basis of current Average Daily Attendance, any school district may choose to utilize the <u>preceding</u> year's Average Daily Attendance to establish the basis for allocation of Professional Units in compliance with formulas in the Foundation School Program Act.

"Sec. 2.  The fact that many school districts can have no assurance at the beginning of the school year as to the number of professional positions for which they will qualify during that year creates an emergency . . .

"Currently, this question has been raised: The propriety of Texas Education Agency's practice and/or interpretation exercised in its allocation of professional units to school districts when part of its ADA is transferred pursuant to S.B. 435 to follow pupil transfers, and such district chooses under H.B. 21 to utilize the preceding year's ADA for professional unit allocation benefits.

"By practice and construction, we have been applying the <u>transfer of ADA</u> requirement prescribed by Section 2 of Article 2696a in computing Foundation Program Act allotments in all situations where pupil transfers are involved, whether or not the district chooses the H.B. 21 option to utilize the preceding year's ADA for professional unit allocation purposes.

"...

"Prior to such H.B. 240 amendment, the first paragraph of Article 2922-13 (Section 16.11(d) and (e) T.E.C.) provided for allocation of professional units to eligible school districts to be determined by its ADA for the next <u>preceding</u> school year computed separate for whites and separate for Negroes. As amended by H.B. 240, it now requires that the allocations shall be on a <u>current</u> ADA basis 'without regard to race, creed or color.' Thus, clearly H.B. 21 authorizes the option to realize relief from unit losses that are occasioned when ADA is computed 'without regard to race, creed or color.'

". . ."

Article 2922-13, Vernon's Civil Statutes, was both amended and repealed during the Regular Session of the 61st Legislature in 1969. Article 2922-13, Sec. 1, which was amended by Article 2922-14, Sec. 9, was specifically repealed by Section 2(a) of the Texas Education Code (H.B. 543, 61st Leg., R.S. 1969, ch. 889, p. 2735). The subject matter of Article 2922-1 was carried over into the Texas Education Code as its Sections 16.11-16.19. The sections of the Texas Education Code most pertinent to our discussion are quoted as follows:

"16.11.   Professional Units - Allotment - General Rules

"...

"(d) The number of professional units allotted for the purpose of this program to each

school district, except as otherwise provided herein, shall be based upon and determined by the average daily attendance for the district for the next preceding school year.

"(e) Separate allotments may be made for whites and Negroes.

"(f) Where a school district is consolidated or contracted with another district, or annexed in whole or part to another district or districts, or where the number of grades taught has been reduced, or where the scholastics are transferred to another district, or when there is an annual fluctuation in the attendance in the district, or where for any reason there is a marked increase or decrease in the attendance of any school district, adjustments in professional allotments shall be made by the state commissioner of education subject to the applicable rules and regulations of the State Board of Education.

"..."

It is obvious that Article 2922-14, Section 9, Vernon's Civil Statutes, which amended Section 1, Article 2922-13, is in conflict with the provisions of Section 16.11(d) and (e), Texas Education Code. In this regard, Section 5 of the Texas Education Code provides as follows:

"Section 5. If any act passed at the same session of the legislature conflicts with any provision of the Texas Education Code, the act prevails."

In view of the provisions of Section 5, supra, it is our opinion that the provisions of Article 2922-14, Section 9, prevail over the conflicting provisions of the Texas Education Code.

We construe the provisions of Article 2922-11b, Vernon's Civil Statutes, as granting an option to a school district to utilize either the preceding year's average daily attendance or the current year's average daily attendance to establish the basis for the allocation of professional units in compliance with formulas in the Foundation School Program Act (Ch. 16, Texas Education Code).

Attorney General's Opinion M-649 (1970) holds, in part, as follows:

"Where conflict exists between the provisions of Article 2696(a) and those of Sections 21.067-21.072 of the Texas Education Code, relating to transfer of pupils from their resident school district to other school districts, the provisions of Article 2696(a) control."

The holding of Attorney General's Opinion M-649 (1970) establishes the provisions of Article 2696(a), Vernon's Civil Statutes, as controlling annual pupil transfers between school districts. We construe the language of Sec. 2 of the Act, supra, as requiring that the attendance of the transferred child be transferred to the receiving school district for purposes of the Foundation School Program.

Based on preceding discussion of the applicable statutes, it is our opinion that a school district is authorized under the provisions of Article 2922-11b, Vernon's Civil Statutes, to use the "current" average daily attendance or the "preceding" year's average daily attendance to establish the basis for allocation of professional units in compliance with formulas in the Foundation School Program Act. Since the provisions of Article 2922-14, Section 9, which amends Article 2922-13, Section 1, prevail over the Texas Education Code provisions on the same subject, you are additionally advised that all professional allotments must be made without regard to race, creed or color.

However, regardless of the method a school district utilizes to determine its average daily attendance in order to establish the basis for allocation of professional units in compliance with formulas in the Foundation School Program Act, the Texas Education Agency is authorized under the provisions of Section 16.11(f), Texas Education Code, to make appropriate adjustments in a school district's professional allotments to take into account the average daily attendance that is required to be transferred from one district to another district as a result of pupil transfers authorized by the provisions of Article 2696a, Vernon's Civil Statutes.

## S U M M A R Y

Regardless of the method a school district utilizes to determine its average daily attendance in order to establish the basis for allocation of professional units in compliance with formulas in the Foundation School Program Act, the Texas Education Agency is authorized under the provisions of Section 16.11(f), Texas Education Code, to make appropriate adjustments in a school district's professional allotments to take into account the average daily attendance that is required to be transferred from one district to another district as a result of pupil transfers authorized by the provisions of Article 2696a, Vernon's Civil Statutes.

All professional allotments under the Foundation School Program must be made without regard to race, creed or color.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

Dr. J. W. Edgar, page 7          (M-684)

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Gordon Cass
Austin Bray, Jr.
Jack Goodman
Melvin Corley

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant